# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:15CR253 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ADAN PRECIADO MEDINA, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Adan Preciado Medina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 30. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant pled guilty to Count I of an Indictment charging him with reentry of a removed alien after felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). His plea agreement included in pertinent part: a statement that no promises, agreements, or conditions had been entered into other than those set out in the agreement, and none would be entered into unless in writing and signed by all parties; recommendations to the Court regarding base offense level, a 16-level increase for the Defendant's prior drug-trafficking offense, and a non-binding recommendation for a 4-level downward departure

pursuant to United States Sentencing Guideline ("U.S.S.G.") § 5K3.1; and a waiver of the right of appeal and collateral attack except based on ineffective assistance of counsel. See ECF No. 21

In his Petition to Enter a Plea of Guilty, signed by the Defendant on October 7, 2015, he stated: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Count I was 10 years; he was voluntarily pleading guilty because he *was* guilty; and no promises had been made to him other than those contained in his plea agreement. See ECF No. 20.

The Defendant's plea was accepted and he was found guilty of Count I of the Indictment on October 26, 2015. At the sentencing hearing on February 17, 2016, the Defendant was represented by attorney Kelly M. Steenbock of the Office of the Federal Public Defender, who also represented the Defendant through the entire process of his case, and the Court proceeded with sentencing pursuant to the plea agreement. Judgment was entered on February 17, 2016, and the Defendant was committed to the Bureau of Prisons for a term of 42 months, followed by three years of supervised release. See ECF No. 25.

On February 9, 2016, the Defendant filed his § 2255 Motion, asserting four grounds for relief, including ineffective assistance of counsel.

**DISCUSSION**

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

The Defendant asserts as Ground One that his counsel never discussed with him the possibility of obtaining a departure under § 5K3.1. In the same paragraph, the Defendant asserts that his counsel promised that a § 5K3.1 departure would be granted at the time of sentencing. The Defendant also asserts that he did not receive such a departure. The record shows that the Court granted the § 5K3.1 4-level departure and sentenced the Defendant in the new guideline range. Accordingly, the Defendant's contradictory and inconsistent arguments presented in Ground One are wholly without merit, and Ground One will be summarily dismissed.

As Ground Two, the Defendant again asserts that his counsel never discussed with him the potential for a 4-point fast-track departure. This assertion is duplicative of the assertion in Ground One, and will be summarily dismissed for the same reasons.

As Ground Three, the Defendant asserts that his counsel failed to disclose the Defendant's "excruciating circumstances" at the time of sentencing, including the

3

Defendant's desire to support members of his family who resided in the United States. This argument is also without merit. The Defendant had an opportunity to present a statement to the Court on his own behalf at the time of sentencing and could have presented such facts if he wished. Also within Ground Three, the Defendant appears to assert that he received a sentencing enhancement because he was on probation at the time of the instant offense, or that his criminal history was enhanced because some crime was committed while he was on probation. That vague allegation is not supported by the record. Finally, also within Ground Three, the Defendant appears to assert that his lawyer led him to believe he would receive probation if he pled guilty. That vague allegation is contradicted by the clear content of the plea petition, the plea agreement, and the plea colloquy. The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis; that the Defendant was satisfied with the advice and performance of counsel; that the Defendant was aware of the potential penalties; and that no promises had been made to the Defendant outside the written plea agreement.

In Ground Four, the Defendant asserts that a sentence of 42 months for the offense of illegal reentry is excessive. That sentence was in the mid-range of the guideline, following the 4-level downward departure pursuant to U.S.S.G. §5K3.1. The Defendant had an extensive criminal history, including drug trafficking offenses, and three prior deportations. The sentence was not substantively unreasonable.

With respect to the Defendant's complaints about his counsel's representation, he cannot prove either prong of the *Strickland* test. The complaints do not rise to a level showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that she failed to function as the kind of counsel

4

guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has the Defendant demonstrated any reasonable probability that the result of the proceeding would have been different, but for counsel's alleged "deficiency." His other alleged grounds for relief are also without merit.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant Adan Preciado Medina's Motion Under 28 U.S.C. § 2255, ECF No. 30, and the Motion is summarily dismissed;

2. A separate Judgment will be issued denying the § 2255 motion;

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 11th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge